**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE | ) |
| 430 S. Capitol Street, S.E. | ) |
| Washington, D.C. 20003, | ) |
| | ) |
| | ) |
| | ) |
| | ) Civil Action No. _____ |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| UNITED STATES SECRET SERVICE | ) |
| 245 Murray Drive | ) |
| Building 410 | ) |
| Washington, D.C. 20223, | ) |
| | ) |
| | ) |
| | ) |
| Defendant | ) |
| | ) |

**COMPLAINT FOR DECLARATORY AND**
**INJUNCTIVE RELIEF**

Plaintiff Democratic National Committee ("DNC") files this complaint under the

Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") for declaratory and injunctive

relief, seeking the disclosure and release of agency records improperly withheld from

plaintiffs by defendant United States Secret Service ("USSS").   As grounds, therefore,

plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331

and 5 U.S.C. §552(a)(4)(B)(FOIA).

2.      Venue is proper in this district pursuant to 5 U.S.C. §552(a)(4)(B) and 28

U.S.C. §1391(e).

## PARTIES

3.      Plaintiff DNC is an unincorporated association which serves as the

governing body of the Democratic Party of the United States and which is the national

committee of the Democratic Party within the meaning of the Federal Election Campaign

Act of 1971 as amended, 2 U.S.C. §431(14).  The DNC's principal place of business is

located at 430 S. Capitol Street, S.E., Washington, D.C. 20003.

4.      Defendant USSS is an agency of the Executive Branch of the United States

Government and is a component of the Department of Homeland Security, which is a

department of the Executive Branch of the United States Government.  Defendant

USSS's principal place of business is located at 245 Murray Drive, Building 410,

Washington, D.C. 20223.

5.      Defendant USSS has possession, custody and control of the records sought

by plaintiff pursuant to FOIA.

## FACTUAL ALLEGATIONS

6.      On January 30, 2006, the DNC sent to USSS, Freedom of Information Act

and Privacy Act Branch,  a letter signed by the DNC's Chairman, Governor Howard

Dean, requesting, pursuant to FOIA:

"All records and documents, including but not limited to NWHACS [New White House Access Control System] Access Control Records, reflecting, referring or relating to each entrance to and exit from the White House Complex, during the period from and including January 20, 2001 through and including May 12, 2005, by each of the following individuals:

> **Jack Abramoff a/k/a Jack A. Abramoff**
> **Michael Scanlon**
> **Grover Norquist**
> **Patrick Pizzella**
> **Ralph Reed**
> **David H. Safavian.**"

7.    In its FOIA request, the DNC stated that it would pay any fees for searching or copying the requested records in accordance with the Department of Homeland Security's FOIA regulations, 6 C.F.R. §5.11.

8.    Defendant USSS acknowledged receipt of the DNC FOIA request and assigned file numbers 20060099 and 200600101-105.

9.    In a Stipulation and Order entered on April 25, 2006 in this Court in the case of *Judicial Watch, Inc. v. United States Secret Service*, No. 1:06-CV-00310 (JGP), USSS stipulated that the USSS would on or before May 10, 1006, produce to the plaintiff in that action, Judicial Watch, NWHACS Access Control Records reflecting entry and exit of Jack Abramoff from January 1, 2001 through January 20, 2006.

10.    On May 4, 2006, the FOIA/PA Branch of USSS informed counsel for the DNC by telephone that USSS would make available, on May 10, 2006, the records requested by the DNC with respect to Jack Abramoff.  USSS FOIA/PA Branch indicated in that conversation that USSS had not made any determination or taken any action whatsoever with respect to the requested records for any of the other individuals for

3

which records were requested by the DNC, that is, Messrs. Scanlon, Norquist, Pizzella, Reed and Safavian.

11.    As of May 4, 2005, USSS has failed to act on the DNC's January 30, 2006 FOIA request with respect to the requested records for Messrs. Scanlon, Norquist, Pizzella, Reed and Safavian and has failed to produce any of those records.

## COUNT I

12.    The allegations of paragraphs 1 through 11 hereof are incorporated herein by reference as if set forth in full.

13.    Pursuant to FOIA, 5 U.S.C. §552(a)(6)(A)(i), the response of defendant USSS to the DNC's January 30, 2006 FOIA request was due within twenty (20) working days of USSS's receipt of the request.  Within that time period, USSS was required to determine whether to comply with the request and notify the DNC of that determination, the reasons therefore and the right to appeal any adverse determination.

14.    With respect to the records requested by the DNC in its January 30, 2006 FOIA request pertaining to Messrs. Scanlon, Reed, Norquist, Pizzella and Safavian, defendant USSS has failed to comply with the time limit set forth in FOIA, 5 U.S.C. §552(a)(6)(A)(i), for making a determination on the DNC's FOIA request, and has also failed to provide to the DNC any written notice of any extension of that time limit pursuant to 5 U.S.C. §552(a)(6)(B).

15.    By reason of the failure of USSS to comply with the applicable time limit as set forth in paragraph 14 hereof, the DNC is deemed, pursuant to 5 U.S.C. §552(a)(6)(C)(i), to have exhausted its administrative remedies with respect to its January

30, 2006 FOIA request for the documents pertaining to Messrs. Scanlon, Reed, Norquist, Pizzella and Safavian.

16.     The requested records cannot lawfully be withheld from the DNC pursuant to any of the exemptions set forth in FOIA, 5 U.S.C. §552(b).

17.     Pursuant to FOIA, 5 U.S.C. §552(a)(3), the DNC has a right of timely access to all of the documents requested in its January 30, 2006 FOIA request, and defendant USSS has no legal basis for refusing to disclose to the DNC the documents requested by it.

18.     USSS has, in violation of FOIA, wrongfully withheld the records requested by the DNC in its January 30, 2006 FOIA request and continues to refuse to disclose such records to the DNC, all in violation of FOIA.

WHEREFORE, plaintiff DNC requests that the Court:

1.  Declare that defendant USSS's refusal to disclose the documents requested by plaintiff pertaining to Messrs. Scanlon, Norquist, Pizzella, Reed and Safavian, is unlawful;

2.  Enjoin defendant USSS from withholding those requested agency records from plaintiff;

3.  Order defendant USSS to make the requested documents available to plaintiff;

5.  Award plaintiff DNC its costs and attorneys' fees; and

6.  Grant such other and further relief as is just and proper.

Respectfully submitted,

Joseph E. Sandler
D.C Bar # 255919
Stephen E. Hershkowitz
D.C Bar # 282947
Sandler Reiff & Young, P.C.
50 E Street, S.E. #300
Washington, D.C 20003
Tel: (202) 479-1111
Fax: (202) 479-1115

Amanda S. LaForge
D.C. Bar #491909
Chief Counsel
Democratic National Committee
430 S. Capitol St SE
Washington DC 20003
Tel (202) 863-8000
Fax (202) 479-6162

Attorneys for Plaintiff
Democratic National Committee

Dated:  May 8, 2006