UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE, )<br>)<br>            Plaintiff,  )<br>)<br>v.           )<br>)<br>UNITED STATES SECRET SERVICE, )<br>)<br>            Defendant.  ) | Civil Action No. 1:06-842 (JGP) |

## ANSWER

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has named an incorrect party defendant under the Freedom of Information Act (FOIA).

### SECOND AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

   Plaintiff's unnumbered first paragraph is an introduction to which no response is required.

   Defendant United States Secret Service answers the numbered paragraphs of plaintiff's complaint as follows:

   1. This sentence contains plaintiff's jurisdictional statement, which is a legal statement to

1

which no response is required.

2. This sentence contains plaintiff's statement of venue, which is a legal statement to which no response is required.

3. Defendant lacks knowledge or information sufficient to form a belief as to plaintiff's structure, status, purpose or principal place of business.

4. Defendant admits the first sentence, but denies the second.

5. Defendant admits that it has possession of some documents pertaining to the subject matter of plaintiff's FOIA request. Whether defendant has custody and control of the documents, and whether they are subject to FOIA, are legal conclusions to which no responses are necessary.

6. Defendant admits receiving a letter from plaintiff dated January 30, 2006, which is attached as Exhibit A, but defendant respectfully refers the Court to Exhibit A for a complete and accurate statement of its contents.

7. This paragraph contains a description of plaintiff's request to which no response is required, and defendant respectfully refers the Court to Exhibit A for a complete and accurate statement of its contents.

8. Defendant admits sending plaintiff a letter acknowledging that defendant received plaintiff's FOIA request and assigning file numbers 20060099, 20060101, 20060102, 20060103, 20060104, and 20060105 to plaintiff's request.

9. Defendant admits entering into the stipulation and agreed order, but defendant respectfully refers the court to docket entry number 8 of <u>Judicial Watch v. United States Secret Service</u>, Stipulation and Agreed Order, April 25, 2006, for a complete and accurate statement of its contents.

10. Defendant admits the first sentence, but denies the second.

11. Defendant denies that it has failed to act on plaintiff's FOIA request, see supra at ¶ 8, but admits that it has not released to plaintiff any documents relating to Michael Scanlon, Grover Norquist, Patrick Pizzella, Ralph Reed, or David H. Safavian.

12. Defendant incorporates by reference its responses to paragraphs 1-11.

13. This paragraph contains legal conclusions to which no responses are necessary.

14. Plaintiff's statement that defendant has failed to comply with FOIA's time limit is a legal conclusion to which no response is necessary. Defendant admits that it has not provided written notice to plaintiff of any extension of any time limits.

15. This paragraph contains legal conclusions to which no responses are necessary.

16. This paragraph contains a legal conclusion to which no response is necessary.

17. This paragraph contains legal conclusions to which no responses are necessary.

18. The claims that defendant has wrongfully withheld records in violation of FOIA and continues to refuse to disclose records in violation of FOIA are legal conclusions to which no responses are necessary. Defendant admits that it has not released to plaintiff some of the documents that plaintiff seeks.

The final, unnumbered paragraph of the complaint represents a request for relief to which no response is required. Except to the extent expressly admitted or qualified above, defendant denies each and every allegation in the complaint.

Dated: June 12, 2006                                   Respectfully submitted,

                                                       PETER D. KEISLER

|  |  |
|---|---|
|  | Assistant Attorney General |
|  |  |
|  | KENNETH L. WAINSTEIN<br>United States Attorney |
|  |  |
|  | CARL J. NICHOLS<br>Deputy Assistant Attorney General |
|  |  |
|  | JOSEPH H. HUNT |
| OF COUNSEL: | Branch Director |
|  |  |
| MOLLY WEBER | s/ Justin M. Sandberg |
| United States Secret Service | ELIZABETH J. SHAPIRO<br>(D.C. Bar No. 418925)<br>Assistant Branch Director<br>JUSTIN M. SANDBERG<br>(Ill. Bar. No. 6278377)<br>Trial Attorney<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Avenue, N.W. #7224<br>P.O. Box 883 Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 514-3489<br>Facsimile: (202) 616-8202<br>E-mail: justin.sandberg@usdoj.gov |
|  |  |
|  | <u>Attorneys for Defendant</u> |