# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES SECRET SERVICE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 1:06-842 (JGP)

## DEFENDANT'S MOTION FOR CONSOLIDATION

Pursuant to Fed. R. Civil P. 42(a) and Local Civil Rule 40.5, defendant hereby moves to consolidate this action with *Citizens for Responsibility and Ethics in Washington v. United States Department of Homeland Security*, No. 1:06-00883 (EGS).  The basis for this motion is set forth in the attached Memorandum of Points and Authorities.

Undersigned counsel for defendants hereby certify, pursuant to Local Civil Rule 7(m), that they conferred with counsel for the plaintiffs in both actions regarding the relief sought in this motion.  Plaintiff Democratic National Committee takes no position on the matter.  Citizens for Responsibility and Ethics in Washington opposes the motion.

Dated: June 12, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

CARL J. NICHOLS
Deputy Assistant Attorney General

JOSEPH H. HUNT
Branch Director

ELIZABETH J. SHAPIRO
Assistant Branch Director

OF COUNSEL:

s/ Justin M. Sandberg
MOLLY WEBER                        SARA CLASH-DREXLER
United States Secret Service       (Pa. Bar No. 86517)
                                   Trial Attorney
                                   JUSTIN M. SANDBERG
                                   (Ill. Bar. No. 6278377)
                                   Trial Attorney
                                   United States Department of Justice
                                   Civil Division, Federal Programs Branch
                                   20 Massachusetts Avenue, N.W. #7224
                                   P.O. Box 883 Ben Franklin Station
                                   Washington, D.C. 20044
                                   Telephone:  (202) 514-3489
                                   Facsimile:  (202) 616-8202
                                   E-mail:  justin.sandberg@usdoj.gov

                                   Attorneys for Defendant

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) |
| UNITED STATES SECRET SERVICE, | ) ) ) ) |
| Defendant. | ) |

Civil Action No. 1:06-842 (JGP)

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANT'S MOTION FOR CONSOLIDATION

## INTRODUCTION

The United States Department of Homeland Security ("DHS") – a defendant in both

*Democratic National Committee v. United States Secret Service[1]*, No. 1:06-842 (JGP) and

*Citizens for Responsibility and Ethics in Washington v. United States Department of Homeland

Security*, No. 1:06-00883 (EGS) – respectfully moves, pursuant to Fed. R. Civ. P. 42 and Local

Civ. R. 40.5 to consolidate these two actions before this Court.  In both cases, plaintiffs seek to

compel DHS, under the Freedom of Information Act ("FOIA"), to disclose the same types of

records generated during the same period of time.  Consolidation of these two actions is

appropriate because, despite minor differences, both actions present the same central legal issue.

---

[1]As asserted in defendant's Answer to the Complaint in this action, filed simultaneously
with this motion, United States Secret Service ("USSS") is not a proper defendant in this action.
USSS is a component of DHS.

1

Consolidation would thus serve the interests of judicial economy and eliminate the risk of

inconsistent judgments.  Additionally, because both actions are at the same early stage of

litigation, consolidation of these actions will not result in prejudice to either plaintiff.

## ARGUMENT

Federal Rule of Civil Procedure 42(a) provides that, "When actions involving a common

question of law or fact are pending before the court, it may order a joint hearing or trial of any or

all the matters in issue in the actions; it may order all the actions consolidated..."[2]  In accordance

with this Rule, the Court has discretion to consolidate civil actions when the cases share common

issues of law or fact, consolidation would serve the interests of judicial economy, and the parties

would not be prejudiced by consolidation.  *See Judicial Watch, Inc. v. United States Department*

*of Energy, et al.,* 207 F.R.D. 8, *9 (D.D.C. 2002).  *See also American Postal Workers Union v.*

*United States Postal Svc.*, 422 F.Supp.2d 240, 245 (D.D.C. 2006) ("[C]ourts weigh

considerations of convenience and economy against considerations of confusion and prejudice"

in deciding whether to consolidate actions) (internal quotations and citations omitted).

The two actions at issue in this motion are appropriate for consolidation because they

raise the same core claim under FOIA and present the same central legal issue.  At their core,

both actions seek to compel DHS to disclose, pursuant to FOIA, the same types of records

generated during essentially the same period of time – *i.e.,* records reflecting visits to the White

House from approximately January, 2001 to the present.  *See* DNC Complaint, ¶ 6 (seeking

---

[2]Local Rule 40.5(d) provides that in this district, "[m]otions to consolidate cases assigned
to different judges of this court shall be heard and determined by the judge to whom the earlier-
numbered case is assigned."  If the motion is granted, the later-numbered case shall be
reassigned.

2

"documents . . . reflecting, referring or relating to each entrance to and exit from the White House Complex, during the period from and including January 20, 2001 through and including May 12, 2005," with respect to six individuals); CREW Complaint, ¶ 24 (seeking all records reflecting visits made to the White House and the Vice President's Residence from January 1, 2001 to the present, with respect to eight individuals).  *See also* DNC Complaint, ¶ 18 (requesting as relief an order compelling disclosure of these records); CREW Complaint, ¶ 47 (requesting the same relief).  Indeed, both actions seek, in part, release of identical records from the same source.

The resolution of both actions, despite minor differences, will turn largely on how the Court answers the central question of whether these types of records are "agency records" within the meaning of FOIA.  Consolidation of these actions before one judge will avoid duplicative review of this central issue and thus serve the interest of judicial economy.  *See Judicial Watch v. Department of Energy,* 207 F.R.D 8 (consolidating two FOIA actions brought by different plaintiffs in the interest of judicial economy)*; Mylan Pharmaceuticals Inc. v. Henney*, 94 F. Supp. 2d 36, 43 (D.D.C. 2000) (consolidating two actions brought by different plaintiffs because they both challenge essentially the same agency action); *Interbanque, Inc. v. Interbanque, Inc.*, No. 96-996, 1996 WL 636441*2 (D.D.C. 1996) (each action "arises from common questions of law and fact" and "[a]s such, these cases should be consolidated in the interest of economy").  Consolidation will also avoid the risk of conflicting results in the two actions.  *See International Paving Systems v. Van Tulco*, 806 F. Supp. 17, 22 (E.D.N.Y. 1992) (a primary purpose of consolidation is to avoid inconsistent results in separate actions).  The need for uniform guidance is especially strong here, because there are similar FOIA requests, beyond those at issue in these

3

actions, for these same types of records pending before the agency.  Consolidation and uniform guidance, therefore, is in the best interest of not only all of the parties to these actions, but also the general public.

The differences between these two actions are peripheral and do not undermine these strong justifications for consolidation.  The lists of relevant names for whom the records are sought, while overlapping, are not identical.[3]  This difference is inconsequential, however, because the claims will turn more generally on whether these types of records are subject to FOIA.[4]  The CREW Complaint also includes a request for records reflecting entry to the Vice President's residence, as well as a related claim pursuant to the Federal Records Act ("FRA"), challenging the agency's alleged failure to preserve some of the records sought under FOIA.  The consolidation of actions is appropriate, however, regardless of the presence of different claims or different issues of law or fact.  It is sufficient that there is one common question of law or fact – in this instance the central question of law.  *See Mylan*, 94 F.Supp.2d at 44 ("consolidation is proper to *any or all* matters in issue which are common") (emphasis in original); Wright & Miller, § 2382 (one common question of law sufficient for consolidation).  Consolidation of these two actions will in no way impede the ability for either plaintiff to pursue any separate

---

[3]Both plaintiffs seek records reflecting entry into the White House with respect to Michael Scanlon and Patrick Pizzella.  The other individuals for whom records are sought are different.

[4]Plaintiff DNC filed a "Notice of Related Case" with reference to *Judicial Watch v. United States Secret Service*, Action No. 03-310, a case also pending before this Court in which the plaintiff seeks the same types of records from the same source pursuant to FOIA, despite lack of complete identity between the names for whom the records are sought.  DNC thus appears to agree that these cases, all of which present the same essential claim under FOIA, should be heard by a single judge.

claims. See *Mylan*, 94 F.Supp.2d at 43 (consolidation is "permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another") (quoting *Johnson v. Manhattan R Co.*, 289 U.S. 479, 496-97 (1933)); *see also* Wright & Miller § 2382.[5]

Nor will consolidation of these actions result in any other prejudice to the plaintiffs. *See Hyman v. First Union Corp.*, 982 F.Supp. 14, 18 (D.D.C. 1997) (lack of prejudice a factor in granting motion for consolidation). These cases were initiated approximately two weeks apart. DHS is filing an answer to the complaint in each action simultaneous with the filing of this motion. No schedule has been set in either case. Accordingly, there is no basis to argue that consolidation will result in unnecessary delay in either case.

## CONCLUSION

For the reasons set forth above, the Court should find that consolidation of *Democratic National Committee v. United States Secret Service*, No. 1:06-842 (JGP) and *Citizens for Responsibility and Ethics in Washington v. United States Department of Homeland Security*, No. 1:06-00883 (EGS) before this Court is appropriate and grant defendant DHS's motion.


Dated: June 12, 2006                              Respectfully submitted,

                                                  PETER D. KEISLER
                                                  Assistant Attorney General

---

[5]Because DHS's time to respond to CREW's FRA claim is 60 days under Fed. R. C. P. 12(a)(3)(A), as opposed to the 30-day response time allotted under FOIA, the FRA claim will necessarily proceed on a separate track, even absent consolidation.

KENNETH L. WAINSTEIN
United States Attorney

CARL J. NICHOLS
Deputy Assistant Attorney General

JOSEPH H. HUNT
Branch Director

ELIZABETH J. SHAPIRO
Assistant Branch Director

OF COUNSEL:                          s/ Justin M. Sandberg
                                     SARA CLASH-DREXLER
MOLLY WEBER                          (Pa. Bar No. 86517)
United States Secret Service         Trial Attorney
                                     JUSTIN M. SANDBERG
                                     (Ill. Bar. No. 6278377)
                                     Trial Attorney
                                     United States Department of Justice
                                     Civil Division, Federal Programs Branch
                                     20 Massachusetts Avenue, N.W. #7224
                                     P.O. Box 883 Ben Franklin Station
                                     Washington, D.C. 20044
                                     Telephone:  (202) 514-3489
                                     Facsimile:  (202) 616-8202
                                     E-mail:  justin.sandberg@usdoj.gov

                                     Attorneys for Defendant