UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
DEMOCRATIC NATIONAL            :
 COMMITTEE                     :
                               :
     Plaintiff,                :
                               :
     v.                        :   Civil No. 1:06cv842 (JGP)
                               :
UNITED STATES SECRET SERVICE,  :
                               :
     Defendant.                :
_____:

**OPPOSITION OF CITIZENS FOR RESPONSIBILITY AND ETHICS IN
WASHINGTON TO DEFENDANT'S MOTION FOR CONSOLIDATION**

**STATEMENT**

Citizens for Responsibility and Ethics in Washington ("CREW"), plaintiff in the separate action <u>CREW v. U.S. Dep't of Homeland Security</u>, No. 1:06-00883 (EGS), hereby opposes the motion of the U.S. Department of Homeland Security ("DHS"), filed in the above-captioned case, to consolidate this matter with CREW's separate lawsuit. Although there is some overlap between the two cases, that overlap is outweighed by the significant differences of law and fact that counsel against consolidation here.

**ARGUMENT**

Consolidation under Rule 42(a) of the Federal Rules of Civil Procedure is within the broad discretion of the district court. *See, e.g.*, <u>Santucci v. Pignatello</u>, 188 F.2d 643 (D.C. Cir. 1951); <u>Prudential Ins. Co. v. Saxe</u>, 134 F.2d 16, 34 (D.C. Cir. 1943). In exercising that discretion, "courts weigh considerations of convenience and economy against considerations of confusion and prejudice." <u>American Postal Workers Union v. U.S. Postal Service</u>, 422 F.Supp.

240, 245 (D.D.C. 2006), *quoting* <u>Chang v. United States</u>, 217 F.R.D. 262, 265 (D.D.C. 2003). As applied here, the balance tilts decidedly against consolidation.

This lawsuit is based on a Freedom of Information Act ("FOIA") request filed by the Democratic National Committee ("DNC") with the Secret Service seeking records of entry to and exit from the "White House Complex" by six individuals: Jack Abramoff, Michael Scanlon, Grover Norquist, Patrick Pizzella, Ralph Reed, and David H. Safavian. Complaint, ¶6.

By contrast, CREW's lawsuit is based on a FOIA request CREW filed with the Secret Service for records of visits to the White House or the Vice President's residence by eight individuals, only three of which are included in the DNC's FOIA – Jack Abramoff, Michael Scanlon, and Patrick Pizzella. *See* <u>Letter of February 2, 2006, to U.S. Secret Service from Anne L. Weismann, CREW</u> (attached as Exhibit A).[1] Not only did CREW include the additional location of the Vice President's residence, but CREW defined "White House" broadly to include "any office within the Executive Office of the President, the residence of the President, the Old and New Executive Office Buildings, and any other office or space on the grounds of the White House." <u>Id</u>. Thus, more than half of the subject of CREW's FOIA request differs in scope and subject-matter from the request at issue here, a difference that cannot properly be termed "minor"[2] or "peripheral."[3]

Even more significantly, as DHS concedes, CREW's complaint includes an entirely

---

[1] The other five individuals not included in the DNC's FOIA request are Neil Volz, Tony Rudy, Shawn Vassell, Kevin Ring and Edwin Buckham. <u>Id</u>.

[2] *See* Memorandum of Points and Authorities in Support of Motion for Consolidation (DHS's Mem.), p. 3.

[3] Id. at 4.

2

separate and distinct count brought under the Federal Records Act.[4]  As CREW has alleged, DHS violated the Federal Records Act by its unilateral destruction of WAVES records without prior approval from the Archivist or a disposition schedule.  <u>CREW v. DHS</u>, Amended Complaint for Declaratory Judgment and Injunctive Relief, ¶46 (attached as Exhibit B).  This count is based on separate facts from those that underlie DHS's processing of a FOIA request, the only issue raised in the DNC's complaint.  Moreover, in view of the fact that the Federal Records Act violation flows from an apparent attempt by DHS to shield the requested records from public view by shipping them to the White House (an entity not subject to the FOIA) before destroying any copy in DHS's possession, discovery will likely be necessary.  The resulting delay and prejudice to the DNC could not be clearer and weighs against consolidation.

In arguing for consolidation DHS relies principally on its intent to raise a defense in both actions that records at issue are not "agency records."[5]  That DHS may, at some future date, raise a similar defense in both actions cannot change what is presently known and what must, therefore, form the basis for the Court's decision on consolidation – the two complaints have significant factual and legal differences that weigh against consolidation.  The Court should therefore decline to substitute for this known record DHS's self-serving statements about the merits and significance of a defense that is premature at best.

## **CONCLUSION**

---

[4]DHS's Mem., p. 5 n.5.

[5] DHS actually phrases this intent differently, asserting that the resolution of both actions will "turn largely on how the Court answers the central question of whether these types of records are 'agency records' within the meaning of the FOIA."  DHS's Mem. at 3.  Given that this supposedly "central question" has yet to be raised – neither complaint even mentions this issue – one can only surmise that DHS intends to raise it as a defense at some future date.

For the foregoing reasons, this Court should decline to grant DHS's motion for consolidation and allow CREW v. DHS to proceed separately from this action.

                Respectfully submitted,

                __/s/_____
                Anne L. Weismann
                (D.C. Bar No. 298190)
                Melanie Sloan
                (D.C. Bar No. 434584)
                Citizens for Responsibility and Ethics
                 in Washington
                1400 Eye Street, N.W., Suite 450
                Washington, D.C. 20005
                Phone: (202) 408-5565
                Fax: (202) 588-5020

                Attorneys for Citizens for Responsibility
                 and Ethics in Washington

Dated: June 20, 2006