UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE, )<br>)<br>        Plaintiff, )<br>)<br>v.                              )<br>)<br>UNITED STATES SECRET SERVICE, )<br>)<br>        Defendant. ) | Civil Action No. 1:06-842 (JGP) |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
DEFENDANT'S MOTION FOR CONSOLIDATION**

**INTRODUCTION**

Defendant the Department of Homeland Security ("DHS")[1] has moved to consolidate this action with *Citizens for Responsibility and Ethics in Washington v. United States Department of Homeland Security*, No. 1:06-00883 (EGS) because both actions seek to compel the production of the same types of records from the same source, pursuant to FOIA. Indeed, the two plaintiffs seek many of the identical records. Because of this core commonality, both actions present the same central legal issue – *i.e.*, whether these types of records are subject to FOIA. Applicable exemptions with respect to the identical records sought will also be the same. Thus, judicial economy will best be served by consolidation, and there are no countervailing reasons not to consolidate the two actions. Plaintiff Democratic National Committee ("DNC") has not opposed

---

[1] As asserted in defendant's Answer to the Complaint in this action, United States Secret Service ("USSS") is not a proper defendant in this action. USSS is a component of DHS.

1

this request.

Citizens for Responsibility and Ethics in Washington ("CREW"), which has sought to intervene for purposes of opposing this motion, shows no regard in its opposition for judicial economy and presents no countervailing interests that weigh against consolidation. Instead, CREW merely outlines for the Court the factual and legal differences between the two actions – differences that DHS acknowledged in its original supporting memorandum. With the exception of a meritless argument that DNC, who elected not to oppose this motion, will be prejudiced by the fact that CREW raises an additional legal claim, CREW presents no reason why consolidation will result in either prejudice or confusion. That there are factual and legal differences alone does not undermine the basis for consolidation. Accordingly, as the balance of interests weighs decidedly in favor of consolidation, the Court should grant DHS's request to consolidate these two actions before this Court.

## ARGUMENT

CREW's opposition to defendant's motion rests largely on the fact that there are factual and legal differences between these two actions. CREW points to three factual differences: 1) that CREW seeks records of visits to and from the Vice President's residence, in addition to visits to and from the White House; 2) that DNC seeks records of visits to the "White House Complex," while CREW requests records of visits to the "White House," defined broadly to include "any office with in the Executive Office of the President, the residence of the President, the Old and New Executive Office Buildings, and any other office or space on the grounds of the

White House;"[2] and 3) that only three of the individuals for whom these records are sought are the same.[3] CREW's Opp. at 2. The legal difference that CREW contends is significant is that CREW's complaint raises an additional claim under the Federal Records Act ("FRA"). CREW's Opp. at 2-3.

As discussed in DHS's original supporting memorandum, the fact that there are differences alone does not counter against consolidation. *See Mylan Pharmaceuticals Inc. v. Henney*, 94 F. Supp. 2d 36, 44 (D.D.C. 2000) ("consolidation is proper to *any or all* matters in issue which are common") (emphasis in original); Wright & Miller, § 2382 (one common question of law sufficient for consolidation). While outlining the differences, CREW does not argue that these differences will be cause for confusion or prejudice if the cases are consolidated. *See American Postal Workers Union v. United States Postal Svc.*, 422 F.Supp.2d 240, 245 (D.D.C. 2006) ("[C]ourts weigh considerations of convenience and economy against considerations of confusion and prejudice" in deciding whether to consolidate actions) (internal quotations and citations omitted).

The differences between the underlying FOIA requests, moreover, do not change the fact that the two requests seek the same types of records, indeed identical records in part, from the same source under the same theory. Because of this core similarity, the central legal question in

---

[2] The "White House Complex" and the "White House," as defined by CREW are, in fact, largely one and the same. With the exception of some offices that are part of the Executive Office of the President, which arguably are outside of the "White House Complex," there is no difference at all.

[3] As noted in CREW's opposition, the underlying FOIA requests in both cases sought records of visits to the White House by Jack Abramoff, Michael Scanlon, and Patrick Pizzella. . Opposition of CREW to Defendant's Motion for Consolidation ("CREW's Opp.") CREW's at 2.

each case is the same – *i.e.*, whether these types of records are subject to FOIA. DHS anticipates raising this defense in both actions, and it would be far more efficient for this issue to be heard by a single judge. With respect to the identical records sought, any applicable exemptions under FOIA also would be common to the two suits. In addition, because there are a considerable number of similar FOIA requests pending before DHS, the public interest would best be served by avoiding the risk of inconsistent judgments.

CREW has not, and cannot, make any argument that it will be prejudiced by consolidation. The only argument of prejudice that CREW attempts is that, because CREW has included an additional claim under the Federal Records Act ("FRA"), which, it suggests, likely will require discovery, DNC will necessarily be prejudiced by the resulting delay. *See* CREW's Opp. at 2-3. There is no reason, however, why CREW's FRA claim cannot, or should not proceed on a separate track from the FOIA claims. Aside from any issue of discovery, DHS has 60 days to respond to CREW's FRA claim, as opposed to the 30-day response time allotted under FOIA. Thus, the claims are beginning on separate tracks. More importantly, DNC has opted not to oppose consolidation. If DNC had concerns of prejudice, no doubt it would have voiced them to the Court itself.[4]

Finally, CREW suggests that it is improper for the Court to consider defendant's anticipated defense when deciding whether consolidation is appropriate. *See* CREW's Opp. at 3. There is no support for this contention. Quite the opposite, the Honorable Judge Friedman of this district based a decision to consolidate two FOIA actions that were similar, but not identical,

---

[4]DNC, in fact, noticed its case as a "related case" to another FOIA case pending before this Court that seeks the same types of records from the same source and many overlapping records.

on the defendant agency's representation that it would raise a similar defense in both actions. *See Judicial Watch, Inc. v. United States Department of Energy, et al.,* 207 F.R.D. 8, *9 (D.D.C. 2002). A contrary approach would undermine the very purpose of the procedural mechanism to serve judicial economy by disfavoring early motions to consolidate where actions present similar issues of law. As is the case here, Judge Friedman recognized in *Judicial Watch v. U.S. Dept. of Energy* that different issues may arise in the two cases, but held, nevertheless, that there was sufficient commonality to warrant consolidation.

Because consolidation of these two actions will undoubtedly serve the interest of judicial economy and will not result in prejudice to any party, consolidation of these two actions before this Court is appropriate.

## CONCLUSION

For the reasons set forth above and previously, the Court should grant DHS's motion for consolidation and consolidate this action with *Citizens for Responsibility and Ethics in Washington v. United States Department of Homeland Security*, No. 1:06-00883 (EGS) before this Court.

Dated: June 28, 2006                               Respectfully submitted,

                                                   PETER D. KEISLER
                                                   Assistant Attorney General

                                                   KENNETH L. WAINSTEIN
                                                   United States Attorney

                                                   CARL J. NICHOLS
                                                   Deputy Assistant Attorney General

| | |
|---|---|
| | JOSEPH H. HUNT |
| OF COUNSEL: | Branch Director |
| | |
| MOLLY WEBER | s/ Sara W. Clash-Drexler |
| United States Secret Service | ELIZABETH J. SHAPIRO |
| | (D.C. Bar No. 418925) |
| | Assistant Branch Director |
| | JUSTIN M. SANDBERG |
| | (Ill. Bar No. 6278377 |
| | SARA W. CLASH-DREXLER |
| | (PA Bar. No. 86517) |
| | Trial Attorneys |
| | United States Department of Justice |
| | Civil Division, Federal Programs Branch |
| | 20 Massachusetts Avenue, N.W. #7224 |
| | P.O. Box 883 Ben Franklin Station |
| | Washington, D.C. 20044 |
| | Telephone: (202) 514-3489 |
| | Facsimile: (202) 616-8202 |
| | E-mail: justin.sandberg@usdoj.gov |
| | sara.clash-drexler@usdoj.gov |
| | |
| | Attorneys for Defendant |