UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE | : |
| Plaintiff, | : |
| v. | : Civil No. 1:06cv842 (JGP) |
| UNITED STATES SECRET SERVICE, | : |
| Defendant. | : |

**SURREPLY TO DEFENDANT'S REPLY MEMORANDUM
IN FURTHER SUPPORT OF ITS MOTION FOR CONSOLIDATION**

Defendant Department of Homeland Security ("DHS") seeks to consolidate this action with Citizens for Responsibility and Ethics in Washington (CREW) v. U.S. Dep't of Homeland Security, No. 1:06-00883 (EGS), arguing that the commonalities between the two cases outweigh their differences. In its Reply Memorandum in Further Support of its Motion for Consolidation ("DHS's Reply"), DHS relied in key parts on another case, Judicial Watch v. U. S. Dep't of Energy, 207 F.R.D. 8 (D.D.C. 2002). Citing to Judge Friedman's ruling in Judicial Watch, DHS asserts that "there is no support for" CREW's contention that DHS prematurely raises the possibility that resolution of the cases on motion for consolidation will turn on identical legal issues, defenses, and FOIA exemptions. DHS's Reply at 4. DHS, however, glaringly omits one of the most dispositive facts in Judge Friedman's ruling that consolidation in that matter was appropriate.

Specifically, DHS fails to acknowledge that the key to the Court's ruling in Judicial Watch was that the "[d]efendants represent[ed] that in response to the FOIA requests in each

case, the Department of Energy likely will release identical documents to Judicial Watch and to the NRDC," the two plaintiffs in the cases for which consolidation was sought.  <u>Judicial Watch</u>, 207 F.R.D. at *9, *See also* <u>Id</u>.: "[T]he point for purposes of this motion [to consolidate] is that the records released, withheld, and redacted by the Department of Energy and the attendant legal issues most likely will be the same in both cases."

Here, by contrast, DHS has made no such representation to the Court as to whether identical documents will be disclosed in each case, although it is certainly in the position to do so.  Instead, DHS states repeatedly that the DNC and CREW have *requested* identical *types* of records, leaving open the very real possibility that ultimately DHS will release different documents to the different plaintiffs, leading to different defenses, exemptions, and "attendant legal issues" in the cases DHS here moves to consolidate.  The lack of such a factual representation where one would so clearly put DHS on the same footing as the defendant agency that moved successfully for consolidation in <u>Judicial Watch</u> only serves to strengthen CREW's contention that the differences in the FOIA requests at issue here, outlined in detail in CREW's initial opposition brief, could result in very different sets of legal issues for resolution.

## **CONCLUSION**

For the foregoing reasons and the reasons set out in CREW's Motion in Opposition to Consolidation, this Court should decline to grant DHS's motion for consolidation and allow <u>CREW v. DHS</u> to proceed separately from this action.

Respectfully submitted,

    /s/_____
Anne L. Weismann
(D.C. Bar No. 298190)
Melanie Sloan
(D.C. Bar No. 434584)
Citizens for Responsibility and Ethics
 in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
Phone: (202) 408-5565
Fax: (202) 588-5020

Attorneys for Citizens for Responsibility
   and Ethics in Washington

Dated: July 5, 2006