UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE, | ) )  ) |
| Plaintiff | ) ) ) |
| v. | ) ) )  Civil Action No. 06-0842 (JGP) |
| UNITED STATES SECRET SERVICE, | ) ) ) |
| Defendant | ) |

**MEMORANDUM ORDER**

This matter comes before the Court on Defendant's motion to consolidate this matter with *Citizens for Responsibility and Ethics in Washington v. U.S. Dep't of Homeland Security*, Civil Action No. 06-0883 (EGS).[1] Plaintiff Democratic National Committee ("DNC") does not oppose this motion. Citizens for Responsibility and Ethics in Washington ("CREW") opposes the motion.[2]

Rule 42 (a) of the Federal Rules of Civil Procedure permits pending civil actions to be consolidated when they "involv[e] a common question of law or fact." Whether to consolidate is a matter within the Court's discretion, *see, e.g., Santucci v. Pignatello*, 88 U.S. App. D.C. 190, 192, 188 F.2d 643, 645 (1951), and typically involves weighing the interests of judicial convenience and economy against the dangers of confusion and prejudice. *See, e.g., Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003); *Judicial Watch, Inc. v. U.S. Dep't of Energy*, 207 F.R.D. 8 (D.D.C. 2002).

---

[1] Motions to consolidate are heard by the Judge to whom the earlier-numbered case is assigned. LCvR 40.5(d).

[2] CREW is the plaintiff in the other matter and has filed an unopposed motion to intervene for the limited purpose of filing an opposition to the motion to consolidate. For good cause shown, the Court will grant that motion.

Defendant argues that the cases should be consolidated because both are in their early stages and because both plaintiffs seek disclosure of the same types of records for the same period of time from the same source, namely, records of visits to the White House from January 2001 to the present from DHS.[3]  Defendant also asserts that both cases raise the same legal issue, specifically, whether the records at issue are "agency records" within the meaning of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Finally, Defendant asserts that any FOIA exemptions applicable to the records would be common to both suits.  Accordingly, Defendant argues that consolidation serves the interests of judicial economy, eliminates the risk of inconsistent judgments, and will not prejudice either Plaintiff.

Defendant does acknowledge that the lists of individuals for whom visit records are sought overlap but are not identical; that the buildings for which the records are sought also differ somewhat; and that while both parties assert claims under FOIA, CREW asserts an additional claim under the Federal Records Act ("FRA"), 44 U.S.C. §§ 3101 *et seq*.  Defendant argues that this different claim would not result in delay, but would simply proceed along a separate track from the FOIA claims.

CREW opposes consolidation based on those factual and legal differences.  Crew also asserts that the FRA claim is based on different facts from the FOIA claim, will likely require discovery, and will thus result in delay and prejudice to the DNC.  Crew suggests that it is improper to consider Defendant's anticipated defense – that the records are not "agency records" within the

---

[3]Although this suit was filed against the U.S. Secret Service ("USSS"), Defendant asserts that USSS is not a proper party to this motion, that the U.S. Department of Homeland Security ("DHS") is the true defendant in both cases, and that it is DHS who moves the Court for consolidation.  The Court notes that the USSS is a component of DHS and that both are represented by the same counsel, so this matter is of little practical significance for purposes of the current motion.  The parties are free to address this issue in a future motion.

meaning of the FOIA – in deciding whether to consolidate the cases.[4]

The facts of the matter are as follows: These cases were filed two days apart, answers were filed on the same day, and there has been no significant procedural history in either case. In this case, the DNC sought visit records relating to Jack Abramoff, Michael Scanlon, Patrick Pizzella, Grover Norquist, Ralph Reed, and David H. Safavian. DNC Compl. ¶ 6. CREW sought records relating to Jack Abramoff, Michael Scanlon, Patrick Pizzella, Neil Volz, Tony Rudy, Shawn Vassell, Kevin Ring, and Edwin Buckham. CREW Am. Compl. ¶ 24. Thus, both Plaintiffs seek records on three of the same individuals, DNC seeks records on three additional individuals, and CREW seeks records on five additional individuals.

The DNC sought records from January 20, 2001 to May 12, 2005 while CREW sought records dating from January 1, 2001 to the present. DNC Compl. ¶ 6; CREW Am. Compl. ¶ 24. The DNC sought records from the "White House Complex", while CREW sought records from the White House or the residence of the Vice President. *Id*. CREW defined "White House" as "includ[ing], but . . . not limited to, any office within the Executive Office of the President, the residence of the President, the Old and New Executive Office Buildings, and any other office or space on the grounds of the White House." CREW FOIA Req. 1, Feb. 2, 2006.

The DNC's claim consists of one count of failure to produce records under the FOIA. DNC Compl. ¶¶ 12-18. CREW's complaint contains three counts under the FOIA for failure to produce records, failure to respond, and failure to expedite, CREW Am. Compl. ¶¶ 33-43, as well as one count under the FRA . *Id*. ¶¶ 44-47.

The Court finds that these matters have significant facts and issues in common, and that consolidation would serve the interests of judicial economy. The Court would have weighed

---

[4] CREW has filed a motion for leave to file a surreply, which is unopposed. Accordingly, the Court will grant it.

seriously any contention by the DNC that CREW's additional claims would cause delay and therefore prejudice, but the DNC has not taken any position on this matter. CREW's representations about prejudice to the DNC are not persuasive, given that the DNC was perfectly capable of weighing in on the subject by itself. Accordingly, it is hereby

ORDERED that the **Motion of Citizens for Responsibility and Ethics in Washington to Intervene for the Limited Purpose of Filing an Opposition to Defendant's Motion for Consolidation [7]** is **GRANTED**; it is further

ORDERED that Citizens for Responsibility and Ethics in Washington's **Motion for Leave to File Surreply to Defendant's Reply Memorandum in Further Support of its Motion for Consolidation [11]** is **GRANTED**; and it is further

ORDERED that Defendant's **Motion for Consolidation [6]** is **GRANTED**.

**DATE: July 18, 2006**                                                                 **JOHN GARRETT PENN**
                                                                                         **United States District Court**