UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendant. | Civil Action No. 06-883 (JGP) |
| DEMOCRATIC NATIONAL COMMITTEE<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES SECRET SERVICE,<br><br>Defendant. | Civil Action No. 06-842 (JGP) |

**DEFENDANT'S MEMORANDUM IN RESPONSE
TO COURT'S AUGUST 9, 2006 ORDER**

The Department of Homeland Security ("DHS"), defendant in the above-captioned consolidated matters, submits this memorandum in response to the Court's Order dated August 9, 2006. That Order provides, *inter alia*, that:

> On or before September 1, 2006, Defendant shall file a memorandum describing the documents it possesses which are relevant to Plaintiffs' Freedom of Information Act ("FOIA") requests. If it is Defendant's position that any of these documents are not "agency records" within the meaning of FOIA, the Defendant

1

> should identify the document and state the reasons for its position. If it is Defendant's position that any of these documents are exempt under the FOIA, the Defendant shall identify the document and state the reasons for its position. In these cases, Defendant may use a code or other method to identify the documents while limiting the information released in its memorandum. However, it must submit a complete, unencrypted and unobscured version of the memorandum for the Court's in camera review.

Order, dated August 9, 2006 (Docket Entry No. 16, Civil Action No. 06-842) at ¶ 2.

To be clear, then, this memorandum is not a summary judgment brief, with full-fledged argumentation and factual documentation. DHS does not read the Court's Order as calling for such exhaustive treatment of the issues presented by this case. Rather, DHS reads the Court's Order as calling for information sufficient to stimulate settlement. Accordingly, what this memorandum provides is a description of the documents possessed by DHS relevant to plaintiffs' FOIA requests – Worker and Visitor Entrance System ("WAVES") and the Access Control Records System ("ACR") documents, which are described in more detail below – and DHS's position that these records are not agency records under FOIA, or in the alternative, would be exempt, in whole or in part, from production under FOIA. If this case were to enter summary judgment proceedings, DHS would of course fully brief its position on these matters.

## BACKGROUND

A.  **Plaintiffs' FOIA Requests**

As the Court is aware, plaintiff the Democratic National Committee ("DNC") seeks the following documents through its FOIA request:

> All records and documents, including but not limited to NWHACS [New White House Access Control System] Access Control Records, reflecting, referring or relating to each entrance to and exit from the White House Complex, during the period from and including January 20, 2001 through and including May 12, 2005, by each of the following individuals:

      Jack Abramoff a.k.a. Jack A. Abramoff
      Michael Scanlon
      Grover Norquist
      Patrick Pizzella
      Ralph Reed
      David H. Safavian

Complaint For Declaratory and Injunctive Relief (Civil Action No. 06-842), ¶ 6. Plaintiff Citizens for Ethics and Responsibility in Washington ("CREW"), in turn, seeks the following documents:

> All records, regardless of format and including electronic records and information, relating to any visit that any of the following individual made to the White House or the residence of the Vice President from January 1, 2001 to the present:
>
> Jack Abramoff
> Michael Scanlon
> Neil Volz
> Tony Rudy
> Shawn Vassell
> Kevin Ring
> Edwin Buckham
> Patrick Pizzella

Second Amended Complaint For Declaratory and Injunctive Relief (Civil Action No. 06-883), ¶ 24.

    **B.**    <u>**Categories of Responsive Documents**</u>

As an initial matter, after a reasonable search, the defendant has identified no documents that are responsive to plaintiff CREW's FOIA request with respect to the Vice President's residence.

With respect to the White House, two interrelated systems – collectively termed the White House Access Control System ("WHACS") – exist for controlling and monitoring access

to the White House Complex:[1] (1) the WAVES and (2) the ACR. The United States Secret Service ("Secret Service"), a component of DHS, operates the WHACS system in order to control and monitor the entry and exit of persons into and out of the White House Complex.

ACR records consist of records generated when a pass holder, worker, or visitor swipes his or her pass over one of the electronic pass readers located at entrances to and exits from the White House complex. ACR records include information such as the pass holder's name and badge number, the time and date of the swipe, and the post at which the swipe was recorded.

WAVES records consist of records generated when information is submitted by a White House pass holder to the Secret Service about workers and visitors who need access to the White House complex to conduct business or attend social events. WAVES records include the following information submitted by the pass holder: the visitor's name, date of birth, and Social Security number; the time and location of the planned visit; the name of the pass holder submitting the request; and the date of the request. Once a visit takes place, WAVES records are typically updated electronically with information showing the actual time and place of the visitor's entry into and exit from the White House Complex.

---

[1] The "White House Complex" and the "White House," as defined by CREW in its FOIA request, are largely one and the same. Certain offices that are part of the Executive Office of the President are arguably are outside of the "White House Complex." The Secret Service, however, has not identified any responsive documents with respect to these offices.

**STATEMENT**

A.   **The Responsive Records Are Not "Agency Records."**

DHS, following a reasonable search, has identified ACR and WAVES records for the following individuals: Jack Abramoff, Michael Scanlon,[2] Grover Norquist, Patrick Pizzella, Ralph Reed, David H. Safavian, Neil Volz, Tony Rudy, and Kevin Ring.  DHS has produced all ACR and WAVES records in its possession related to Jack Abramoff and has identified no ACR or WAVES records related to Edwin Buckham or Shawn Vassell.[3]  Defendant's position is that ACR and WAVES records are not subject to FOIA because they do not constitute "agency records," within the meaning of FOIA.  *See Department of Justice v. Tax Analysts*, 492 U.S. 136, 144 (1989) (setting forth a two-part definition of "agency records" under FOIA: (1) an agency must either create or obtain the requested materials; and (2) the agency must be in control of the requested material at the time the FOIA request is made); *see also Burka v. Dep't of Health and Human Servs.*, 87 F.3d 508 (D.C. Cir. 1996) (setting forth a four-factor test for determining whether an agency exercises sufficient "control" over requested documents to render them "agency records").  In particular, once a visitor's visit to the White House Complex is complete, the records sought by plaintiffs have minimal or no informational value relevant to the Secret Services' (or DHS's) mission or activities and have no continuing usefulness to the agency.  Rather, the records plaintiffs seek contain primarily White House information and provide evidence about the business of the White House; they are created largely at the request of the

---

[2] Records may reflect the entries and exits of persons with the same name, and seem to do so with respect to the name "Michael Scanlon."

[3] DHS has identified ACR and WAVES records for Shawn Vasell.

White House, directly in response to White House activities, and, at least with respect to the WAVES records, consist principally of information compiled by the White House. The records, therefore, constitute Presidential records and are therefore not subject to FOIA. *See Burka,* 87 F.3d at 515. See generally Presidential Records Act, 44 U.S.C. § 2201 et seq.

B.    **Certain Records Are Exempt Under FOIA**.

If the Court were to decide that WAVES and ACR records are agency records under FOIA, then certain records or portions of records would be exempt under FOIA. FOIA Exemption 5, see 5 U.S.C. § 552(b)(5), exempts from mandatory disclosure documents covered by common law privileges, including the deliberative process privilege. See NLRB v. Sears Roebuck & Co., 421 U.S. 132, 149-50 (1975) (documents covered by the deliberative process privilege and therefore exempt from release under FOIA include those "reflecting advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated"). This exemption would apply to WAVES and ACR records for two categories of persons whose contacts with officials in the Executive Office of the President inherently reveal the structure and nature of deliberative processes, namely, prominent advocates of particular tax policies and other conservative policies (e.g., Grover Norquist, President of Americans for Tax Reform, and Ralph Reed, former executive director of the Christian Coalition) and, separately, existing or former government officials who in the course of their specific policy responsibilities enter the White House complex to address those issues (e.g., Patrick Pizzella, Assistant Secretary for Administration and Management, United States Department of Labor, and David Safavian, formerly Chief of Staff at the United States General Services Administration). Cf. In re Cheney, 406 F.3d 723, 728 (D.C. Cir. 2005) ("In making

decisions on personnel and policy, and in formulating legislative proposals, the President must be free to seek confidential information from many sources, both inside the government and outside.") The deliberative nature of this information cannot be assessed by viewing each entry in isolation (though that will often suffice when particular senior participants are identified), but must be evaluated by the information that the documents reveal when combined with other information available to plaintiffs regarding pending legislation, then-existing public debates, subsequent policy outcomes, and the public roles played by various officials identified in the documents.  Cf. CIA v. Sims, 471 U.S. 159, 178-79 (1985).

FOIA Exemption 6 protects those matters "the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).  Records pertaining to Mr. Safavian, an officer in the federal procurement office in the White House Office of Management and Budget during the time period relevant to plaintiff DNC's request, would reveal potentially all of Mr. Safavian's entries and exits during the course of his employment. Because disclosing these records would constitute a clearly unwarranted invasion of Mr. Safavian's personal privacy, they are exempt under FOIA.  See, e.g., Judicial Watch, Inc. v. Dep't of Justice, 365 F.3d 1108, 1126 (D.C. Cir. 2004).

Certain portions of WAVES records would also be exempt based on privacy and law-enforcement concerns.  First, pursuant to FOIA Exemptions 6 and 7(c)[4], DHS would redact the social security numbers and dates of birth of named individuals to protect those individuals from

---

[4] This exemption protects law enforcement information that, if disclosed, could reasonably be expected to constitute an unwarranted invasion of personal privacy.  See 5 U.S.C. § 552(b)(7)(C).

unwarranted invasions of their privacy.  Second, pursuant to FOIA Exemptions 2(high),[5] 6, 7(c), and 7(e),[6] DHS would redact coded information containing instructions to United States Secret Service Officers in the White House Complex.


Dated: September 1, 2006                                                  Respectfully submitted,


                                                  PETER D. KEISLER
Assistant Attorney General
KENNETH L. WAINSTEIN
United States Attorney

CARL J. NICHOLS
Deputy Assistant Attorney General

JOSEPH H. HUNT
Branch Director

s/ Justin M. Sandberg
ELIZABETH J. SHAPIRO
(D.C. Bar No. 418925)
Assistant Branch Director
SARA CLASH-DREXLER
(Pa. Bar No. 86517)
Trial Attorney
JUSTIN M. SANDBERG
(Ill. Bar. No. 6278377)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W. #7224
P.O. Box 883 Ben Franklin Station

---

[5] This exemption protects information that, if disclosed, would increase the risk that the law would be circumvented.  See 5 U.S.C. § 552(b)(2).

[6] This exemption protects information that, if revealed, would disclose techniques or procedures for law enforcement investigations.  See 5 U.S.C. § 552(b)(7)(E).

Washington, D.C. 20044
Telephone:  (202) 514-3489
Facsimile:  (202) 616-8202
E-mail:  justin.sandberg@usdoj.gov

<u>Attorneys for Defendant</u>