IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEMOCRATIC NATIONAL COMMITTEE** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**UNITED STATES SECRET SERVICE,** )<br>)<br>Defendant )<br>) | Civil Action No. 06-0842(JGP) |
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**UNITED STATES DEPARTMENT OF HOMELAND SECURITY,** )<br>)<br>Defendant )<br>) | Civil Action No. 06-0883(JGP) |

**MOTION FOR IMMEDIATE SETTLEMENT CONFERENCE
AND PROPOSED SCHEDULING ORDER**

Pursuant to Fed. R. Civ. P. 16(a)(5), plaintiff Democratic National Committee ("DNC") respectfully moves the Court for an Order scheduling a settlement conference for the earliest possible date permitted by the Court's schedule. The grounds for this motion are set forth in the attached Memorandum of Points and Authorities. Undersigned counsel for the DNC hereby certify, pursuant to Local Rule 7(m), that they conferred with counsel for the other parties. Counsel for defendant U.S. Secret Service has indicated that they do not oppose this motion. Counsel for Citizens for Responsibility

1

and Ethics in Washington ("CREW"), plaintiff in docket no. 06-0883, have indicated that they do not oppose this motion.

Pursuant to the Court's Order of August 9, 2006 (Docket No.06-0842, Document no. 16), the DNC proposes a Scheduling Order calling for the filing and briefing of cross-motions for summary judgment in the DNC's case (No. 06-0842), as follows:

| | |
|---|---|
| Filing of cross motions for summary judgment | September 12, 2006 |
| Filing of oppositions to motions | September 19, 2006 |
| Filing of replies | September 25, 2006 |

The DNC respectfully proposes that oral argument, if the Court deems it necessary, be held on the cross-motions during the week of September 25, 2006, at the same time as argument is scheduled on the Government's motion to dismiss Claim Four of CREW's Second Amended Complaint in Docket No. 06-0883. *See* Joint Proposed Scheduling Order, filed September 1, 2006 (Docket No. 06-0883, Document no. 35). The reasons for this proposed schedule are also set out in the attached Memorandum.

The Government indicated that they do not agree to this proposed schedule and will propose their own schedule to the Court. Counsel for CREW indicated that CREW does not object to expedited briefing on cross-motions for summary judgment but will submit their own proposed schedule.

A Proposed Order is attached.

Respectfully submitted,

_/s/_____

Joseph E. Sandler
D.C Bar # 255919
Stephen E. Hershkowitz
D.C Bar # 282947
Sandler Reiff & Young, P.C.
50 E Street, S.E. #300
Washington, D.C 20003
Tel: (202) 479-1111
Fax: (202) 479-1115


Amanda S. LaForge
D.C. Bar #491909
Chief Counsel
Democratic National Committee
430 S. Capitol St SE
Washington DC 20003
Tel (202) 863-8000
Fax (202) 479-6162

Attorneys for Plaintiff
Democratic National Committee

Dated:    September 6, 2006

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DEMOCRATIC NATIONAL COMMITTEE**,   )  <br>  )  <br>    **Plaintiff**,   )  <br>  )  <br>v.   )  Civil Action No. 06-0842(JGP)  <br>  )  <br>**UNITED STATES SECRET SERVICE**,   )  <br>  )  <br>    **Defendant**   )  <br>  )  | |
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON**,   )  <br>  )  <br>    **Plaintiff**,   )  <br>v.   ) Civil Action No. 06-0883(JGP)  <br>  )  <br>**UNITED STATES DEPARTMENT OF HOMELAND SECURITY**,   )  <br>  )  <br>    **Defendant**   )  | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF
MOTION FOR IMMEDIATE SETTLEMENT CONFERENCE
AND PROPOSED SCHEDULING ORDER**

Plaintiff Democratic National Committee ("DNC") submits this Memorandum in support of its motion for an immediate settlement conference and its proposed scheduling order. The DNC believes that an immediate conference will facilitate settlement of the case; and that, in the event it is not possible to reach a settlement, the proposed scheduling order will allow for expeditious and efficient resolution of all of the DNC's claims while minimizing the burden on the Court and the parties.

I.    **Procedural History of the Case**

The DNC filed this case (Docket 06-00842) pursuant to the Freedom of Information Act ("FOIA), 5 U.S.C. §552, to obtain certain records maintained by defendant U.S. Secret Service of the entrance to and exit from the White House Complex of Jack Abramoff and certain of his associates. Those records had been requested by the DNC in a FOIA request filed with the Secret Service on January 30, 2006.

Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") filed its own complaint, asserting a claim under FOIA for some of the same records and other similar records pertaining to other individuals, but also asserting a separate claim under the Federal Records Act, 44 U.S.C. §§3101 *et seq* ("FRA"). (Docket No. 06-0883).

On July 18, 2006, the Court ordered the two cases consolidated. Memorandum Order, July 18, 2006 (No. 06-00842, Document 12).

At the initial scheduling conference held before the Court on August 8, 2006, the Government requested that the Court stay the action in order to permit settlement discussions to proceed; and represented to the Court that the Government would engage in settlement discussions in good faith, pointing to the settlement of a similar FOIA case, *Judicial Watch v. U.S. Secret Service*, No. 06-310 (JGP). In that case, the plaintiff and the Government entered a Joint Stipulation and Agreed Order, dated April 25, 2006, in which the U.S. Secret Service agreed to release all of the records in its custody, "without redactions or claims of exemption[]" relating to the entrance and exit from the White House of Jack Abramoff.

On August 9, 2006, the Court entered an Order, in No., 06-0842, staying the case until September 1; requiring the Government, by September 1, to file a memorandum

2

describing the documents it possesses relevant to the FOIA request; and requiring the parties, jointly or individually to submit, by September 6, proposed scheduling orders regarding any remaining matters.

On August 9, 2006, the Court having granted leave to do so in a separate Order entered that same day, CREW filed a Second Amended Complaint asserting, as Claim Four of its Complaint, a cause of action under the Federal Records Act and Administrative Procedure Act, 5 U.S.C. §706. That claim seeks to have declared unlawful the practice of the Secret Service of transferring to the White House Office certain records of White House entrances and exits, and then destroying the Secret Service's own copies of those records. (Docket 06-00883, Document No. 30).

On August 16, 2006, counsel for all three parties met to discuss settlement. At that meeting, the Government offered to provide all records requested by the plaintiffs, including both documents in the custody of the Secret Service and documents that the Secret Service had turned over to the White House without retaining copies. The Government proposed that, as a condition of this release of the requested documents, the plaintiffs dismiss all of their claims.

On August 28, the Government reiterated its offer but indicated that it was unlikely to be willing to produce White House documents as part of a settlement unless CREW were willing to dismiss its FRA claim.

On August 29, DNC counsel informed the Government that the DNC was willing to accept the Government's offer and, as part of such settlement, to dismiss the DNC's case in its entirety. Counsel for the Government telephoned later that day, however, to inform counsel for the DNC that the Government was not willing to enter any settlement

3

agreement with the DNC unless CREW were willing to dismiss its FRA claim. DNC counsel reminded counsel for the Government that CREW is a non-partisan, non-profit organization and that the DNC has no ability to compel CREW to give up any claim it wishes to pursue. DNC counsel inquired as to whether the Government would be willing to release only documents in the custody of the Secret Service, as in the *Judicial Watch* case, in exchange for dismissal by the DNC of its case in its entirety. The Government has not responded to this inquiry.

On August 30, 2006, the Government filed a motion to dismiss Claim Four, the FRA/APA claim, of CREW's Second Amendment Complaint. (Docket No. 06-0883, Document No. 34-1).

On September 1, 2006, the Government filed a Memorandum taking the position that none of the documents requested by the DNC—including those in the custody of the Secret Service—are subject to FOIA. (Docket No. 06-00842, Document No. 19).

That same day, September 1, 2006, the Government and CREW filed a Joint Proposed Scheduling Order proposing a briefing schedule on the Government's motion to dismiss CREW's FRA/APA claim, concluding with oral argument the week of September 25.

## II.     An Immediate Settlement Conference Is Warranted

Fed. R. Civ. P. 16 authorizes the Court, in its discretion, to schedule, in addition to an initial scheduling conference, any additional conference it deems warranted for purposes including "facilitating the settlement of the case." Rule 16(a)(5). Counsel for the Government and CREW have indicated that neither party would object to an immediate settlement conference. In this case, convening an immediate settlement

4

conference would facilitate settlement by forcing the parties to clarify their positions, in particular, the position of the Government with respect to (i) its willingness to enter into a separate settlement with the DNC; and (ii) its willingness to enter a settlement along the lines of the Judicial Watch case, involving at least the documents in the custody of the Secret Service.

First, the Government's unwillingness to enter a separate settlement agreement with the DNC, to date, is puzzling and disturbing in light of the representations made by the Government to the Court and counsel.  The DNC, in not opposing consolidation of these cases, relied on the Government's repeated assertions that the DNC would not be prejudiced by such consolidation.  Indeed, with respect to CREW's separate claim under the FRA—which the Government now insists be resolved as a condition of any settlement with the DNC--the Government specifically represented to this Court that, "There is no reason…why CREW's FRA claim cannot or should not proceed on a *separate track from the FOIA claims*."  Defendant's Reply Memorandum in Further Support of Defendant's Motion for Consolidation, filed June 28, 2006, p. 4 (Docket 06-00842, Document No. 8)(emphasis added).   Then, in the Joint Statement filed with the Court by the parties on August 1, 2006 (Docket 06-00883, Document No. 27), the Government asserted that, "DHS [Department of Homeland Security] agrees that it may be appropriate for the plaintiffs' FOIA claims to proceed on a separate track from CREW's FRA claim."  Joint Statement, p. 8.

In any event, both the parties and the Court have begun to treat CREW's FRA claim as proceeding on a separate track.  The Court itself effectively bifurcated that claim by requiring CREW and the Government to meet and confer and submit a proposed

5

scheduling order with respect to that claim. Order, filed Aug. 9, 2006 (Docket 06-00883, Document No. 28). CREW and the Government then did meet and confer, separately and without participation by the DNC, and, without consulting the DNC, filed a Joint Proposed Scheduling Order on CREW's FRA claim. Joint Proposed Scheduling Order, filed Sept. 1, 2006 (Docket 06-00883, Document No. 35). In view of the *de facto* bifurcation of the case, it is simply unclear why the Government is not willing or able to settle the DNC's FOIA claims in their entirety.

Second, the Government has not responded to the DNC's inquiry as to whether the Secret Service would be willing to provide the records in its custody, as in the *Judicial Watch* case, even if the Government is not willing to provide records in the custody of the White House Office. The Government has indicated that they expect to provide such a response shortly. Again, why the Government would take a position in this case different from the position taken in *Judicial Watch* is simply not clear.

By forcing the parties to clarify their positions on these issues, an immediate settlement conference, with the active participation of the Court or a U.S. Magistrate, would facilitate resolution of these issues and would be of great assistance to the parties in bringing about a settlement, if it is indeed possible to achieve one.

### III. The Proposed Scheduling Order Should be Entered

CREW and the Government have proposed a fast-track schedule for resolution of the Government's motion to dismiss CREW's FRA claim, concluding with oral argument the week of September 25. The DNC proposes a similar fast-track schedule for resolution of its FOIA claims in their entirety, through cross-motions for summary judgment, also concluding with oral argument on those motions at the same time. The

6

DNC respectfully suggests that this proposed scheduling order should be entered, for three reasons:

First, the public interest would be served by expeditious resolution of this case. The DNC filed its FOIA request at the end of January—seven months ago. The documents the DNC seeks are relevant to issues of public corruption and ethics in government that are among the significant issues in the 2006 general election. The DNC believes that the public does have a right to know about meetings by Mr. Abramoff and his associates with White House officials and that the public should be able to have the facts about these meetings prior to the 2006 general election.

Second, the case can easily and quickly be resolved on cross-motions for summary judgment. The Government has stated its position on the DNC's FOIA claims in Defendant's Memorandum in Response to Court's August 9, 2006 Order, filed September 1, 2006. (Docket No. 06-00842, Document No. 19). The Government's position, in essence, is that (i) records of entrance to and exit from the White House, created by and in the custody of the Secret Service, a unit of the Department of Homeland Security, are not "agency records" of that Department for purposes of FOIA but rather are White House records; (ii) Republican lobbyists Grover Norquist and Ralph Reed are so integral to the policy workings of the Bush White House that the records of their comings and goings from the White House are entitled to the "deliberative process privilege" normally reserved, under FOIA Exemption 5, for the protection of the substance of policy discussions among government officials; and (iii) for purposes of FOIA Exemption 6 it would be an unwarranted "invasion of the personal privacy" of former General Services Administration chief of staff David Safavian, convicted of lying

7

to the Government in connection with his dealings with Abramoff, for the public to learn of his entries to and exits from the White House on official government business. Whatever the legal merit of these arguments—and there is none, as the DNC will make clear in briefing--it is clear that these arguments present pure issues of law, suitable for expeditious resolution through cross-motions for summary judgment.

Finally, an expeditious briefing schedule would not impose any undue burden on the parties and would serve the interests of judicial economy.  CREW does not oppose expedited briefing on cross-motions for summary judgment, although CREW does not support the precise schedule proposed by the DNC.  For its part, the Government has a head start on the necessary briefing since the Government has already identified and researched the legal arguments that it will offer in support of its position that none of the documents requested are subject to FOIA.  By concluding the briefing on September 25 and providing for oral argument that week, the DNC's proposed scheduling order would put the FOIA claims on the same track and timetable as the Government's motion to dismiss CREW's FRA claim and would put all of these issues before the Court at the same time.

## CONCLUSION

For the reasons stated above, the Court should (i) convene an immediate settlement conference; and (ii) enter the DNC's proposed scheduling order.

Respectfully submitted,

/s/

_____

Joseph E. Sandler
D.C Bar # 255919
Stephen E. Hershkowitz
D.C Bar # 282947
Sandler Reiff & Young, P.C.
50 E Street, S.E. #300
Washington, D.C 20003
Tel: (202) 479-1111
Fax: (202) 479-1115

Amanda S. LaForge
D.C. Bar #491909
Chief Counsel
Democratic National Committee
430 S. Capitol St SE
Washington DC 20003
Tel (202) 863-8000
Fax (202) 479-6162

Attorneys for Plaintiff
Democratic National Committee

9