UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-00842 (JGP) |
| UNITED STATES SECRET SERVICE, | : |
| Defendant. | : |
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-00883 (JGP) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | : |
| Defendant. | : |

**PLAINTIFF'S PROPOSED SCHEDULING ORDER**

Pursuant to the Court's Order of August 9, 2006 (record no. 29), plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") proposes this scheduling order to address the remaining issues presented. By way of background, CREW also provides the following update on the status of this case.

First, as the Court is aware, defendant, U.S. Department of Homeland Security ("DHS"), filed a motion to dismiss Claim Four of CREW's second amended complaint on August 30, 2006, and as set forth in a joint submission filed by CREW and DHS on September 1, 2006, the parties have agreed to a briefing schedule for those issues. In addition, CREW has requested that

the Court expedite its consideration of defendant's motion to dismiss Claim Four.

Second, the Court imposed a limited stay until September 1, 2006, to provide the parties an opportunity to discuss settlement.  Although the parties met and settlement discussions took place, the parties have as yet been unable to reach agreement on the terms of an appropriate settlement.

Third, defendant also filed a memorandum on September 1, 2006, purportedly in response to the Court's August 9, 2006 order.  That order provided:

> 2.  On or before September 1, 2006, Defendant shall file a memorandum describing the documents it possesses which are relevant to Plaintiffs' Freedom of Information Act ("FOIA") requests.  **If it is the Defendant's position that any of these documents are not "agency records" within the meaning of the FOIA, the Defendant should identify the document and state the reasons for its position.  If it is the Defendant's position that any of these documents are exempt under the FOIA, the Defendant should identify the document and state the reasons for its position.**  In these cases, Defendant may use a code or other method to identify the documents while limiting the information released in its memorandum.  However, it must submit a complete, unencrypted and unobscured version of the memorandum for the Court's in camera review.

Order dated Aug, 9, 2006 (record 29) (emphasis added).  The memorandum provided by DHS, which addresses "categories" of responsive documents and "certain records" which are exempt under the Freedom of Information Act ("FOIA"), unfortunately does not comply with the requirements of the Court's order.  It fails to provide a listing identifying each requested document that it claims is not an agency record, as the order requires, and it further fails to provide a document-by-document listing of documents which it claims are exempt under the FOIA and the particular exemption associated with each document.  Accordingly, DHS should

submit the required information as the Court originally demanded.[1]

It is not appropriate for DHS to substitute its judgment for the express requirements of the Court's order, as it has done here. Indeed, by its own admission, "DHS reads the Court's Order as calling for information sufficient to stimulate settlement," and accordingly, "provides . . . a description of the documents possessed by DHS relevant to plaintiffs' FOIA requests. . . ." Defendant's Mem. In Response to Court's Aug. 9, 2006 Order at 2. Two points are critical here: First, the stay to pursue settlement was lifted on September 1, the very day that DHS's submission was due, so DHS's statement that it believed the Court's order sought information "sufficient to stimulate settlement" rings hollow, at best. Second, and perhaps more important, the terms of the order are clear and unequivocal. To comply with the Court's order, at a minimum, DHS must submit two lists. First, it must describe each requested document that it claims is not an agency record, and second, for each of the documents from that list that it intends to withhold based upon a FOIA exemption, it similarly must describe each document. Merely listing "categories" of responsive documents, and noting that "certain records" are exempt under FOIA, does not fairly meet the terms of the order and provide the information that the Court has ordered DHS to make part of this record.

Finally, CREW believes that resolution of the FOIA issues presented in this case will require judicial resolution. To this end, CREW proposes that a briefing schedule of the parties' FOIA claims and issues follow a similar track to the briefing of the Federal Records Act claim, CREW's Claim Four.

---

[1] The documents have already been collected by DHS, so any burden of compliance is minimal at this point.

CREW respectfully requests that the following expedited schedule be adopted:

1. DHS's motion for summary judgment on FOIA issues to be filed no later than **September 15, 2006**.

2. Plaintiff's opposition brief is due no later than **September 22, 2006**.

3. Defendant's reply brief is due **September 27, 2006**.

4. Oral argument on defendant's motion on **September 29, 2006**.

5. On or before **September 11, 2006**, DHS shall fully comply with the Court's August 9, 2006 Order by (1) providing a list that describes each document plaintiffs have requested under FOIA which DHS claims is not an agency record, and (2) providing a list describing each document that DHS claims is exempt from FOIA, and the particular FOIA exemption(s) claimed.

Respectfully submitted,

　　　　/s/　　　　
Anne L. Weismann
(D.C. Bar. No. 298190)
Sharon Y. Eubanks
(D.C. Bar No. 420147)
Citizens for Responsibility and Ethics
　　In Washington
1400 Eye Street, N.W. Suite 450
Washington, D.C. 20005
Phone: (202) 408-5565
Attorneys for Plaintiff CREW

Dated: September 6, 2006